**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 95-40098
(Summary Calendar)

RODNEY ARTHUR KEATON,

Plaintiff-Appellant,

versus

CAROL VANCE, Chairman of
Texas Department of Criminal
Justice Board, in his individual
and official capacity, ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Texas
(6:94-CV-196)

(May 18, 1995)

Before DUHÉ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Rodney Arthur Keaton, an inmate of the

Texas Department of Criminal Justice (TDCJ), appeals the district

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

court's dismissal as frivolous under 42 U.S.C. § 1915(d), of his civil rights complaint filed pro se and in forma pauperis (IFP) under 42 U.S.C. § 1983, against numerous officials at TDCJ Coffield Unit.  Keaton alleged that his federal constitutional rights were violated when he was disciplined for using prison property without authorization.  He also alleged violations of Texas state law. Finding no reversible error, we affirm.

I

FACTS AND PROCEEDINGS

The following relevant facts are taken from Keaton's complaint, testimony adduced at a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and documentary evidence submitted at the hearing.  Keaton was employed at the prison's metal fabrication plant and was supervised by Defendant-Appellee Connie Gannon.  On April 6, 1993, Keaton used a copy machine at the plant to copy a publication entitled The Art of Making Leather Cases.  When Defendant-Appellee Phil Fenton, another supervisor at the plant, saw Keaton making copies and told him to destroy them, Keaton complied.

According to Keaton, Gannon subsequently told him that he could make copies as long as there was not "a crowd" around. During the lunch hour, Keaton made one copy of the book and left it in the office area near the copy machine.  He did not work at the plant the following day but "went to work as normal" on April 8.

Several copies of the book were found in the office area. Keaton was questioned by the assistant warden, Defendant-Appellee

James Duke, and was reassigned pending an investigation. On April 23, Keaton was served with an offense report filed by Defendant-Appellee Jerry Lowe, alleging that Keaton used the copy machine without proper authorization to make approximately seven copies of the book. Lowe stated that he saw Keaton using the copy machine on April 8.

A hearing was held on April 26, and Keaton was appointed counsel substitute. In a statement to the disciplinary committee, Gannon stated that he did not give Keaton permission to make copies of the book. Keaton was found guilty, assessed 15 days in solitary confinement and $133, the cost of the copies.

The magistrate judge recommended that Keaton's complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). The magistrate judge also recommended that the district court decline to exercise pendant jurisdiction over Keaton's state law claims. After reviewing Keaton's objections, the district court adopted the magistrate judge's recommendations and dismissed Keaton's complaint with prejudice.[1] Keaton filed a motion for reconsideration which the district court denied, after which Keaton timely appealed.

II

ANALYSIS

Keaton contends that the district court erred by dismissing his complaint as frivolous. An IFP claim that has no arguable

---

[1] In addition to the above-named Defendants-Appellees, Keaton's complaint named as defendants, Carol Vance, the TDCJ Board Chairman who allegedly promulgated TDCJ disciplinary policies and rules, Gary Griggs, the Unit Disciplinary Captain, and James Shaw, the Warden of the Coffield Unit.

basis in law or fact may be dismissed as frivolous. 28 U.S.C. § 1915(d); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993). Our review of such a dismissal is for abuse of discretion by the district court. Id.

Keaton insists that his due process rights were violated when he was disciplined for using the copy machine. He claims that Gannon lied when he stated that he did not give Keaton permission to make a copy of the book and that Lowe lied when he stated that he observed Keaton making copies on April 8th. Keaton argues that he had a liberty interest in not having false statements presented against him at the evidentiary hearing, citing United States v. Wallace, 673 F.Supp. 205, 207 (S.D. Tex. 1987) (civil rights case stating in dicta that an inmate "possesses a liberty interest in not having false statements, reports and evidence presented at . . . official proceedings"). Keaton further argues that he had "no fair warning and discriminatory enforcement of a vague, unreasonably, arbitrary, ambiguous and unconstitutional law, policy, practice and customs."

The standard of due process for prison disciplinary proceedings depends on the sanction imposed and the resulting consequences. Keaton was penalized by solitary confinement, so he was entitled to the procedural protections set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994). Keaton was therefore entitled to (1) written notice of the charges against him at least twenty-four hours before the hearing; (2) a written statement of the fact-

4

finders as to the evidence relied on and the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. Wolff, 418 U.S. at 563-66.

That does not mean that Keaton was entitled to error-free decision-making. See McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983). In the context of prison disciplinary proceedings, a finding of guilt requires only the support of "some facts" or "any evidence at all." See Gibbs v. King, 779 F.2d 1040, 1044 (5th Cir.), cert. denied, 476 U.S. 1117 (1986). Assuming without granting that Keaton had a protected liberty interest in not having false statements presented at the disciplinary hearing, he has not shown that the statements in question were false. Keaton's contention that he had permission to make copies was directly controverted by the defendants. Thus, there was "some evidence" to support the disciplinary action.

Regarding Keaton's assertion that he was not given "fair warning," Keaton acknowledged in his complaint that he was served with the disciplinary report three days before the disciplinary hearing. Insofar as Keaton attempts to argue that he was punished under an "unconstitutional law," he has failed to make any cognizable legal argument in support of this claim (cf. Gibbs, 779 F.2d at 1045, addressing specific constitutional challenge to prison policy). Although we liberally construe pro se briefs, see Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L.Ed.2d 652

5

(1972), we require arguments to be briefed in order to be preserved. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Keaton also urges that the assessment of $133 violated due process "regarding the determination of the amount of those damages." He suggest that he had no opportunity to challenge the assessed punishment of $133 for "damages to state property" because he was charged under a different regulation, "use without proper authorization." The record does not support his contention; the record reveals that the $133 amount was determined prior to the disciplinary hearing by charging Keaton 85 cents for the first page, and 15 cents for approximately 800 pages thereafter.

Keaton next contends that the Defendants-Appellees failed to follow their own rules regarding prison discipline, but he fails to specify which regulations were not followed. Without more, an alleged violation of a prison regulation does not give rise to a constitutional violation. Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).

Further, Keaton makes several objections to the procedures employed in reviewing his complaint. He insists that: (1) his allegations were not construed in the light most favorable to him; (2) the "harm" caused to him was de-emphasized; (3) his factual allegations erroneously were found to be fanciful and delusional; and (4) his complaint was held to a heightened-pleading requirement. He also asserts that his complaint should not have been dismissed before it was served.

Keaton's arguments are based on the erroneous assumption that

6

his complaint was dismissed as factually frivolous. The dismissal of Keaton's complaint was not dismissed on the lack of a factual basis, but on the "lack [of] any valid basis in law." Moreover, § 1915 specifically mandates dismissal prior to service. <u>See</u> 28 U.S.C. § 1915.

Finally, Keaton states that he is unsure if the district court's dismissal operated to remand his complaint to state court; therefore, he requests that this court remand his complaint to state court "for determination of State Law Claims."

Although he cited Texas statutes in his complaint, Keaton did not identify his state law claims. If he desires to pursue a state claim, he should file an original complaint in the appropriate state forum.

AFFIRMED.